IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK K. ANDERSON, JR.,

                Plaintiff,

v.                                                            OPINION and ORDER

STATE OF WISCONSIN and                                  25-cv-938-jdp
DOC-DEPARTMENT OF CORRECTIONS,

                Defendants.

---

Plaintiff Mark K. Anderson, Jr., a state prisoner representing himself, has filed a complaint alleging that defendants have violated his federal rights in various ways, including by: (1) denying him a wheelchair; and (2) failing to quickly intervene when he was attacked by another inmate, resulting in injury. Dkt. 1. Because plaintiff is incarcerated and proceeding in forma pauperis, Dkt. 2, the court must first screen his complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which the court could grant relief, or seeks money damages from an immune defendant.

The court will screen plaintiff's complaint in a separate order. This order addresses the motions plaintiff has filed in addition to his complaint.[1]

---

[1] In addition to the motions addressed below, the court GRANTS plaintiff's motion to withdraw his motion to inform, docketed at Dkt. 11. *See* Dkt. 12.

ANALYSIS

A. **Motions for counsel and for an extension of time, Dkt. 5, Dkt. 12, Dkt. 16, Dkt. 17, & Dkt. 20.**

Plaintiff asks the court to appoint counsel to represent him in this case, stating that he is a crime victim, vision and hearing impaired, and that he is suffering from a terminal illness. Dkt. 5, Dkt. 12, Dkt. 16, Dkt. 17, & Dkt. 20. He also requests an extension of time to pay the initial partial filing fee assessed on November 14, 2025. Dkt. 5 & Dkt. 17. The extension requests are DENIED as moot. The court granted plaintiff an extension on December 11, 2025, Dkt. 15, and plaintiff has since paid the partial filing fee.

Plaintiff's requests for counsel are DENIED without prejudice as premature. Litigants in civil cases do not have a constitutional right to counsel, and the court does not have the authority to appoint counsel to self-represented plaintiffs in civil matters. Rather, the court can only help recruit counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

To succeed on a motion to assist with the recruitment of counsel, plaintiff must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Plaintiff has met this requirement because he is proceeding in forma pauperis. Dkt. 4.

Second, plaintiff must show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). Plaintiff does not state that he has made any such efforts nor attached proof, such as letters

from law firms that have declined to represent him, so he has not met this requirement, and the court may deny his motion on this ground alone.

Regardless, plaintiff must also demonstrate that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it. *Mote*, 503 F.3d at 654–55. Federal civil litigation is generally challenging for most self-represented, indigent parties, and their limited knowledge of the law is a common predicament. So are the limitations on incarcerated individuals. The court receives hundreds of new lawsuits every year from unrepresented plaintiffs, but there are only about 15 to 20 attorneys who might volunteer to take one such case a year. This means that the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

In this respect, plaintiff's motions must be denied because it is far too early to tell whether this case is one of the relatively few in which it is necessary to recruit counsel. Plaintiff's complaint has yet to be screened, and discovery is also closed, so it is not clear whether his lawsuit will proceed or in what form, and there are no legal tasks for plaintiff to complete right now.

If plaintiff is allowed to proceed, the court will set a preliminary pretrial conference with a magistrate judge after defendants have appeared and answered. At that conference, the magistrate judge will set the case schedule and open discovery after providing plaintiff guidance on how to litigate his lawsuit as an unpresented party, including how to use the discovery process to obtain evidence in support of his claims. This will be his opportunity to ask

3

questions about the litigation process and address any initial concerns with the court. To the extent plaintiff should require additional time to complete a litigation task because of medical conditions or treatment, or other circumstances, he can request an extension, and the court can take such concerns into account when setting the case schedule.

I will deny plaintiff's motions without prejudice, which means that he can file a renewed motion after discovery begins if his circumstances change and he believes that he is unable to litigate the lawsuit himself. If he refiles a motion, he will need to provide proof that he has tried to find an attorney on his own and explain what specific litigation tasks he is unable to accomplish and why.

**B. Discovery-related motions, Dkt. 6, Dkt. 7, & Dkt. 10**

Plaintiff has filed three discovery-related motions. He seeks an order compelling defendants to produce video of the alleged assault, Dkt. 6, to produce "discovery in triplicate," Dkt. 7, and "to provide discovery, video," Dkt. 10. These requests are DENIED because, as explained above, defendants have not been served, and discovery is not yet open. The court will open discovery and discuss the discovery process with plaintiff in greater detail at the preliminary pretrial conference if any of his claims proceed past screening.

**C. Plaintiff's requests for injunctive and other relief, Dkt. 6, Dkt. 8, Dkt. 9, Dkt. 10, Dkt. 13, Dkt. 18 & Dkt. 20**

Plaintiff has also filed requests for various forms of injunctive and other miscellaneous relief.

**1. Motion for defendants to enter pleas, Dkt. 6**

Plaintiff's request that defendants enter pleas in response to his allegations, Dkt. 6, is DENIED. This is not a criminal matter and there are no criminal charges to answer. In a civil

4

lawsuit like this one, defendants must respond to the allegations in the complaint by serving an answer or certain motions after they have been properly served with summons and the complaint. *See* Fed. R. Civ. P. 12 (defenses and objections). Defendants have not yet been served.

### 2. Request for a consent form, Dkt. 6

Plaintiff requests a copy of a consent form to proceed before a magistrate judge. Dkt. 6 at 2. The request is GRANTED, but the court notes that this case cannot be reassigned to a magistrate judge until all defendants have been served, and unless all defendants consent to reassignment. 28 U.S.C. § 636(c).

### 3. Motion to prohibit prison staff from reading plaintiff's outgoing mail, Dkt. 13

Plaintiff requests that prison staff be prohibited from reading any of his outgoing mail "that has been sealed or taped closed." Dkt. 13. The motion is DENIED. Prisoners have a limited liberty interest in their mail under the First Amendment. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *Martin v. Brewer*, 830 F.2d 76, 77 (7th Cir. 1987). As a general rule, non-privileged inmate mail can be opened and read outside the inmate's presence. *Martin*, 830 F.2d at 77.

At this stage, there is no indication that plaintiff is being prevented from communicating with the court or otherwise litigating this lawsuit because of mail delays or other mail-related issues. Plaintiff may raise any mail-related concerns at the preliminary pretrial conference, but the court is limited in its ability to provide injunctive relief based on allegations that are unrelated to those in his complaint. *See, e.g., Gonzalez v. Westover*, No. 20-cv-635-jdp, 2022 WL 5167762, at *1 (W.D. Wis. Oct. 5, 2022) ("A motion for preliminary

injunction is not a proper avenue to pursue additional claims."). If plaintiff continues to believe that his rights are being infringed with respect to his mail, he may file a separate lawsuit after exhausting his administrative remedies. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("[U]nrelated claims against different defendants belong in separate lawsuits . . . to prevent the sort of morass produced by multi-claim, multi-defendant suits.") (quotation marks omitted).

### 4. Motion to supplement the complaint and for a jury trial within 30 days, Dkt. 18

Plaintiff asks to supplement the complaint with what he asserts is a copy of a criminal complaint filed in Wisconsin state court against the inmate that allegedly attacked him. Dkt. 18-1. The court accepts the document as an attachment to the complaint in this lawsuit, but it will file the document under seal because it contains certain personal information that has not been redacted as required under Federal Rule of Civil Procedure 5.2(a).

Plaintiff also asks for a jury trial within 30 days of the motion. That request is DENIED. Thirty days is insufficient time for the parties to prepare for trial. As noted, defendants have not yet been served and have not appeared in this case. If plaintiff's claims proceed, the court will set the case schedule in consultation with the parties that will include a trial date, but also time for the parties to conduct discovery and file dispositive motions.

### 5. Motions for medical care and relief related to plaintiff's prison conditions and conditions upon release from custody, Dkt. 8, Dkt. 9, Dkt. 10, & Dkt. 20.

Finally, plaintiff requests an order requiring defendants to "provide medical care as needed" and declare plaintiff "permanently physically incapacitated," and to provide other forms of relief related to his health care needs, prison conditions, and conditions upon release

from custody. Dkt. 8 at 1; *see also* Dkt. 9, Dkt. 10, Dkt. 20. As noted above, the court's ability to provide such relief is limited. Because these requests hinge in part on the scope of this lawsuit, they will be addressed when the court screens plaintiff's complaint. Plaintiff will be notified when the court issues its screening order.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to withdraw his motion to inform, Dkt. 12, is GRANTED. The motion to inform, Dkt. 11, is WITHDRAWN and the court will take no action on it.

2. Plaintiff's requests for an extension of time to pay the initial filing fee, Dkt. 5 & Dkt. 17, are DENIED as moot.

3. Plaintiff's motions for counsel, Dkt. 5, Dkt. 12, Dkt. 16, Dkt. 17, & Dkt. 20, are DENIED without prejudice.

4. Plaintiff's discovery-related motions, Dkt. 6, Dkt. 7, & Dkt. 10, are DENIED. Discovery remains closed.

5. Plaintiff's request for a copy of a consent form to proceed before a magistrate judge, Dkt. 6, is GRANTED. The court will send plaintiff a copy of the form along with this order.

6. Plaintiff's motion for defendants to enter pleas, Dkt. 6, is DENIED.

7. Plaintiff's motion to prohibit prison staff from reading his outgoing mail, Dkt 13, is DENIED.

8. Plaintiff's motion to supplement and for a jury trial, Dkt. 18, is GRANTED in part and DENIED in part as stated above in this order.

9. Plaintiff's motions for injunctive relief, Dkt. 8, Dkt. 9, Dkt. 10, & Dkt. 20, will be addressed in a separate order.

10. The court will maintain the document docketed at Dkt. 18-1 under SEAL.

Entered January 6, 2026.

                                BY THE COURT:

                                /s/

                                _____
                                ANITA MARIE BOOR
                                Magistrate Judge