IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK K. ANDERSON, JR.,

                    Plaintiff,

    v.                                                    OPINION and ORDER

STATE OF WISCONSIN and DOC-DEPARTMENT                    25-cv-938-jdp
OF CORRECTIONS-SGT. ROHWER,

                    Defendants.

---

Plaintiff Mark K. Anderson, proceeding without counsel, is a prisoner at Columbia Correctional Institution. Anderson alleges that prison staff violated his rights in a variety of ways, including by failing to properly treat his medical condition and by failing to promptly intervene in an attack from another inmate. Anderson has made an initial partial payment of the filing fee as directed by the court.

The next step is for me to screen Anderson's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint because Anderson's allegations fail to comply with the Federal Rules of Civil Procedure.

I conclude that Anderson's allegations violate Federal Rules of Civil Procedure 18 and 20 by joining claims together that do not belong in the same lawsuit. Under Rule 18, a plaintiff may bring unrelated claims against a particular defendant. But a plaintiff cannot bring unrelated claims against more than one defendant. Under Rule 20, defendants may be joined

in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007). Anderson's complaint contains allegations about at least two events: (1) his lack of proper medical care and (2) staff's failure to intervene in an assault that he suffered at the hands of another inmate.

Also, most of Anderson's allegations are also too vague and he doesn't properly name defendants for his claims. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. Because claims like these brought under 42 U.S.C. § 1983 must be based on a defendant's personal involvement in constitutional violation, *see Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995), each individual defendant that Anderson wishes to sue in this case must be able to understand what they are alleged to have done to violate his rights. Anderson names the state of Wisconsin and Department of Corrections as defendants but he can't sue them in this type of lawsuit. He also names Sergeant Rohwer as a defendant but he doesn't explain what Rohwer did to violate his rights.

Because Anderson's complaint doesn't comply with the pleading rules, I will dismiss it. But I will give him a short time to submit an amended complaint fixing these problems. In drafting his amended complaint, Anderson should be sure to:

- Identify all of the individuals who he wishes to sue in the caption of the complaint.

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a violation of his rights.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs.

- Limit his amended complaint to one series of events, unless the defendants are the same for multiple series of events.

If Anderson fails to submit an amended complaint by the deadline set below, I will dismiss the entire case and I will direct the clerk of court to record a "strike" against him under 28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) ("[W]hen . . . the plaintiff is told to amend his . . . complaint and fails to do so, the proper ground of dismissal is not want of prosecution but failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff.").

Anderson also moves for injunctive relief. Dkts. 8–10; Dkt. 20. I will deny those motions as moot because Anderson doesn't currently state any claims upon which relief can be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until February 10, 2026, to submit an amended complaint.

3. Plaintiff's motions for injunctive relief, Dkts. 8–10; Dkt. 20, are DENIED as moot.

Entered January 23, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge