IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK K. ANDERSON, JR.,

                Plaintiff,
  v.                                              OPINION and ORDER

STATE OF WISCONSIN and DOC-DEPARTMENT        25-cv-938-jdp
OF CORRECTIONS-SGT. ROHWER,

                Defendants.

---

      Plaintiff Mark K. Anderson, proceeding without counsel, is a prisoner at Columbia Correctional Institution. Anderson alleges that prison staff violated his rights in a variety of ways, including by failing to properly treat his medical condition and by failing to promptly intervene in an attack from another inmate. I dismissed Anderson's original complaint for violating the Federal Rules of Civil Procedure for bringing claims about unrelated events against different defendants and otherwise being too vague. Dkt. 33. I gave Anderson a chance to file an amended complaint. *Id.*

      Anderson has responded with a series of documents that he titles as motions, seeking to clarify his claims or asking for more time to file his amended complaint. Dkts. 34–39. I will deny all of those motions because Anderson has also filed a proposed amended complaint by his deadline for doing do. Dkt. 40.

      It is clear from his filings and his amended complaint that Anderson wishes to focus solely on his allegations about prison staff failing to protect him from another inmate's attack. That fixes the Rules 18 and 20 problem from Anderson's original complaint. But his new allegations continue to suffer another problem: he doesn't explain who failed to protect him from the attack. He again names the state of Wisconsin and Department of Corrections as

defendants but he can't sue them in this type of lawsuit. He had named Sergeant Rohwer as a defendant, but after I told him that he didn't explain what Rohwer did to violate his rights, he removed Rohwer from the caption.

Because Anderson's amended complaint doesn't comply with the pleading rules, I will dismiss it. But I will give him a final chance to submit an amended complaint fixing these problems. In drafting his amended complaint, Anderson should be sure to:

- Identify all of the individuals who he wishes to sue in the caption of the complaint.
- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs.

If Anderson does not know the identity of particular defendants, he may label them as John Doe No. 1, John Doe No. 2, and so on. The court has procedures by which he may make discovery requests to identify those defendants later in the case.

If Anderson fails to submit an amended complaint by the deadline set below, I will dismiss the entire case and I will direct the clerk of court to record a "strike" against him under 28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) ("[W]hen . . . the plaintiff is told to amend his . . . complaint and fails to do so, the proper ground of dismissal is not want of prosecution but failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff.").

ORDER

IT IS ORDERED that:

1. Plaintiff's motions at Dkts. 34–39 are DENIED.
2. Plaintiff's amended complaint, Dkt. 40, is DISMISSED.

3. Plaintiff may have until March 4, 2026, to submit an amended complaint.

Entered February 11, 2026.

>BY THE COURT:
>
>/s/
>
>_____
>JAMES D. PETERSON
>District Judge