IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK K. ANDERSON, JR.,

               Plaintiff,

   v.                                        OPINION and ORDER

STATE OF WISCONSIN and DOC-DEPARTMENT          25-cv-938-jdp
OF CORRECTIONS-SGT. ROHWER,

               Defendants.

---

Plaintiff Mark K. Anderson, proceeding without counsel, is a prisoner at Columbia Correctional Institution. I dismissed Anderson's original complaint for bringing claims about unrelated events against different defendants and otherwise being too vague. Dkt. 33. I gave Anderson a chance to file an amended complaint. *Id.* Anderson filed an amended complaint focusing on prison staff failing to protect him from another inmate's attack; I dismissed that complaint because it didn't explain who failed to protect him from the attack, and he couldn't sue the defendants that he did name—the state of Wisconsin and Department of Corrections. Dkt. 41. I gave Anderson a final chance to submit an amended complaint fixing his pleading problems. *Id.*

Anderson has responded with two proposed amended complaints, Dkt. 43 and Dkt. 49. In each of them he names as defendants the state of Wisconsin; the governor; the DOC secretary; and the warden, the deputy warden, and the security director of the prison. But he can't sue the state itself, and his allegations do not support claims against any of these high-ranking government officials or supervisory prison officials. I won't let him proceed against high-ranking officials for deprivations that are outside their authority or direct responsibility. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). And supervisory officials cannot be

held liable for constitutional claims on a theory of respondeat superior, meaning that they are not automatically liable for violations committed by their employees. Anderson doesn't explain how the supervisory defendants ignored a serious risk of harm to him. He alleges that officers delayed in intervening in the attack but he doesn't name any of those officers as defendants.

Anderson has now had three chances to state a claim on which relief may be granted and has failed to do so. I will dismiss this case for his failure to state a claim upon which relief may be granted. *See Paul v. Marberry*, 658 F.3d 702, 704–06 (7th Cir. 2011) (court may dismiss case when plaintiff fails to correct pleading defects). I will also direct the clerk of court to record a "strike" under 28 U.S.C. § 1915(g).

As I ordered in another of Anderson's cases, No. 26-cv-196-jdp, to accommodate his vision issues, I will direct the clerk of court to send him a copy of this order in size 16 font.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment accordingly and close this case.

3. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g) against plaintiff.

4. Plaintiff's remaining motions are DENIED as moot.

5.  The clerk of court is directed to send plaintiff a copy of this order in size 16 font.

Entered July 21, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge